**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-mj-08216-REINHART**

**UNITED STATES OF AMERICA**

**vs.**

**DANIEL SLATER,**

     **Defendant.**

_____/

**UNITED STATES' UNOPPOSED MOTION FOR ENTRY OF A PROTECTIVE**
**ORDER REGULATING DISCLOSURE OF DISCOVERY AND**
**SENSITIVE INFORMATION CONTAINED THEREIN**

The United States of America, through the undersigned Assistant United States Attorney, hereby files this Unopposed Motion for Entry of a Protective Order Regulating Disclosure of Discovery and Sensitive Information Contained Therein, and respectfully requests that the Court enter the attached proposed order restricting the dissemination of certain information contained in discovery materials disclosed to the defense.

**I.**     **Introduction and Background**

On June 15, 2020, the defendant was arrested and charged by criminal complaint with using a facility of interstate commerce with the intent that murder be committed, in violation of Title 18, United States Code, Section 1958; and possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 2 (DE 1). In late July 2020, the United States provided to defense counsel all of the recorded meetings that took place between confidential sources and the defendant that it had in its possession. Before doing so, undersigned counsel spoke to defense counsel, Valentin Rodriguez, about the entry of a protective order to protect the items being produced. Defense counsel agreed that he would not disclose the recordings or the contents of the recordings to anyone other than his defense team

and the Defendant, for the limited purpose of preparing the case for the detention hearing and preliminary hearing. Since then, on August 19, 2020, Valentin Rodriguez entered a permanent appearance in this case and the Honorable Judge William Matthewman entered the Standing Discovery Order (DE 18). The United States foresees that additional information will be provided to defense counsel pursuant to the Court's Order.

The United States is seeking the entry of the attached order to protect the privacy interests and personal identifying information of the victims, witnesses, and other civilians, including any confidential source, identified in this case (collectively hereinafter referred to as "Sensitive Information"). For purposes of this motion, Sensitive Information refers to the names of the victims, witnesses, and other civilians, including any confidential source; telephone numbers; email addresses; mailing addresses; social security numbers; dates of birth; driver license numbers; identification cards and their contents; passports and their contents; medical information; and, any other personal identifying information. The United States has made efforts to redact most of the Sensitive Information contained in the discovery, however there are some files that cannot be redacted, including in the audio recordings in this case. Public dissemination or release of such Sensitive Information would cause substantial harm to the privacy and dignity of the civilians involved in this case.

## II.    Legal Standard

Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that the Court "may, for good cause, deny, restrict, or defer discovery or inspection" of discovery materials. The Court has broad discretion to regulate and restrict discovery and the disclosure of discovery materials. *See United States v. Campa,* 529 F.3d 980, 995(11th Cir. 2008) (recognizing the "broad authority of the district court to regulate discovery"); *see also Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his

counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.").

## III.  Conclusion

For the reasons explained, the United States finds it necessary to seek a protective order in this case to protect the privacy rights and interests and the personal identifying information of the names of the victims, witnesses, and other civilians, including any confidential source, in this case. As such, the United States requests that the Court issue a protective order placing the following restrictions on any discovery that is made available to the defendant in this case, requiring that:

(1)   Counsel for the government and for the defendant, employees of the government and of defense counsel, and expert witnesses retained by the parties may possess Sensitive Information. However, they shall not provide the Sensitive Information to any person except as specified in the Court's order or by prior approval of the Court.

(2)   Counsel for the defendant agrees to maintain and hold such Sensitive Information in the strictest confidence and to disclose it only to the defendant, defense employees, and expert witnesses as necessary to prepare the case. In making such disclosures, counsel for the defendant agrees that they shall advise any person to whom this information is disclosed that such information shall be held in strict confidence and shall not be further disseminated.

(3)   Furthermore, counsel for the defendant shall ensure that the defendant and any expert witnesses that obtain access to Sensitive Information are provided a copy of the Court's order. Any expert witness that obtains access to or possession of Sensitive Information shall promptly destroy or return these materials once the expert no longer requires access to or possession of these materials to assist in the preparation of the case.

(4)   Upon entry of final order of the Court in this matter and conclusion of any direct appeals, counsel for the government and the defendant shall destroy or cause to be destroyed all copies of the Sensitive Information, except that they may maintain copies in their closed case files following their ordinary procedures.

(5)   Counsel for the defendant and the government shall refer to the victims in this case only by their initials and any confidential source as a "Confidential Source" in any public filing. Should either party need to file something with the Court that would have the effect of identifying the victim, or any confidential source, or that discusses any sensitive matters that would impact any victim, witness, or other civilian's dignity or privacy, including any confidential source, such filings shall be submitted to the Court under seal;

(6)   Counsel for the government and for the defendant shall promptly report any known violations of the Court's order to the Court.

Counsel for defendant, Valentin Rodriguez, does not oppose the relief requested herein.

<div style="margin-left:50%">

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:   /s/ *Jessica Kahn Obenauf*
JESSICA KAHN OBENAUF
Assistant United States Attorney
Florida Bar No. 0052716
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel.: (305) 961-9317
Fax: (305) 530-7976
Email: jessica.obenauf@usdoj.gov

</div>

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 27, 2020, I electronically filed the foregoing with

the Clerk of the Court using CM/ECF.


_/s/ Jessica Kahn Obenauf_
Assistant United States Attorney