UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-mj-8216-BER

UNITED STATES OF AMERICA,

v.

DANIEL SLATER,

    Defendant.
_____/

## ORDER RE: DUE PROCESS PROTECTIONS

Congress has amended the Rules of Criminal Procedure to instruct the Court to remind counsel of the disclosure obligation of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963). That is, under *Brady*, the Government has a constitutional duty to disclose all materially exculpatory evidence in its possession to the defense. This evidence, also known as *Brady* material, includes any evidence that goes toward negating the defendant's guilt, that would reduce the defendant's potential sentence, or that goes to the credibility of a witness. The defendant is entitled to this information whether or not it is requested. Such materially favorable evidence must be turned over even if not subject to discovery under Rule 16(a) of the Federal Rules of Criminal Procedure. The guide for materiality is a reasonable probability of a different result. *See Kyles v. Whitley*, 514 U.S. 419, 433 (1995). If materiality is debatable, the Government should submit it to the Court for an *in camera* inspection, as instructed by the Eleventh Circuit in *United States v. Jordan*, 316 F.3d 1215 (2003).

Consequences of a *Brady* violation are serious: First, nothing is more damaging to public trust in our criminal justice system than the idea the Government convicted the defendant by withholding evidence: without public trust our system does not work.  Second, the evidence may be suppressed, and the conviction may be reversed.  Third, professional consequences may ensue for the individuals who are determined to have wrongfully withheld information.  Of course, it goes without saying that their individual reputations will be severely damaged in their legal community.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 4th day of November, 2020.

_____
DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE