UNITED STATES DISTRCT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-mj-8216-BER

UNITED STATES OF AMERICA,

v.

DANIEL SLATER,

       Defendant,
_____/

**PRETRIAL DETENTION ORDER**

The Court, pursuant to 18 U.S.C. § 3142, commonly known as the Bail Reform Act of 1984, hereby ORDERS Defendant, DANIEL SLATER, detained prior to trial as a danger to the community and a flight risk. The Court specifically finds that no condition or combination of conditions will reasonably assure Defendant's appearance in court or the safety of the community. The Court makes the following findings of fact and statement of reasons for the detention:

    a)    The nature and circumstances of the offense charged.

Defendant is charged by Criminal Complaint with use of interstate commerce facilities to commit murder-for-hire, in violation of 18 U.S.C. § 1958. If convicted, he faces up to 10 years in prison, up to 3 years of supervised release, a $250,000 fine, and a $100 special assessment. In addition, Defendant is charged with possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. If convicted, he faces up to 20 years in prison to be followed by a substantial term of supervised release, and significant financial penalties.

    b)  The weight of the evidence against Defendant.

The weight of the evidence against Defendant is strong. At the pretrial detention hearing, the Court took judicial notice of the Criminal Complaint. In addition, Federal Bureau of Investigations Special Agent Jessie Apaza testified. These sources established as follows.

On February 24, 2020, law enforcement discovered a deceased female within the Everglades National Park. During the course of investigating the discovered body, law enforcement interviewed a witness that claimed Defendant asked the witness to kill Defendant's ex-girlfriend ("Individual 1") in exchange for drugs and money. On further investigation, law enforcement discovered a Cooperating Human Source ("CHS"), and after conducting an interview, CHS agreed to work with law enforcement.

On June 3, 2020, Defendant instructed CHS to "get [Individual 1] by Sunday." Defendant went into detail regarding violent acts he wanted done to Individual 1 and her family. Defendant further stated he would give CHS $200 and narcotics to sell.

On June 4, 2020, Defendant informed CHS over the telephone where to meet an associate of Defendant's to collect the narcotics. CHS arrived at the location and retrieved a substance from Defendant's alleged associate which field tested positive for cocaine.

On June 8, 2020, Defendant further discussed the details of the planned murder with CHS. Defendant and CHS drove by the house of Individual 1 and discussed murdering Individual 1's sister (Victim 2) and her sister's husband (Victim 3). On June 10, 2020, Defendant and CHS discussed payment for this alleged murder plot. At this time, CHS told Defendant he would employ a hitman to effectuate this murder. The hitman was an undercover FBI agent.

On June 12, 2020, CHS telephoned Defendant and informed him that the murders were complete. CHS and Defendant arranged a meeting for a partial payment for the murders. CHS

produced a doctored photograph which depicted the deceased bodies of Victims 2 and 3. At this time, Defendant handed CHS $400 for the murders, and promised to pay more at a later date.

    c) Defendant's history, characteristics, and criminal history.

Defendant is a 51-year-old man who has lived in the Southern District of Florida for over 25 years. The Defendant has access to large sums of cash, and has allegedly attempted to pay for the murder of multiple individuals.  He is currently separated from his wife and the three share two sons and one minor daughter.

Defendant has a considerable criminal history.  He has prior convictions for battery, engaging in business or contracting without certification, grand theft, and scheme to defraud.  He has a history of violating his probation and is associated with the use of alias birthdates.

Lastly, Defendant has access to large sums of money and the source of that money is not entirely clear. He claims to own a landscaping business since 2011, but state records show that landscaping's business registration is inactive.  Defendant reports prior employment in various ventures ranging from home inspections to internet cafes.

    d) The nature and seriousness of the danger to any person or the community that would be posed by Defendant's release, and the likelihood of Defendant's appearance in court if released.

The Court finds that no condition or combination of conditions will reasonably assure the safety of the community or Defendant's appearance in court as required.  The nature and seriousness of the charges coupled with the numerous unsavory associates Defendant apparently has at his disposal weigh heavily in the Court's determination. Defendant's criminal history, use of alias information, and history of probation violations also factor into the Court's determination that Defendant poses a danger to the community and a flight risk.

Accordingly, the Court ORDERS that Defendant shall be DETAINED as a danger to the community and a flight risk.  Defendant is hereby committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant must be afforded reasonable opportunity to confer privately with counsel.  On order of a United States court or on request of a Government attorney, the person in charge of the corrections facility where Defendant is confined must deliver Defendant to the U.S. Marshal for the purpose of a court appearance.

DONE AND ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 4th day of November, 2020.

*[signature]*
DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE